Ransom, S.
—The report of the referee is in the main correct. The evidence to sustain his findings as to the status of Dennis Deasy, Honora Walters and Mary Sullivan is very slight, but there is some evidence on that subject in favor of their present living and kinship to the deceased. The objector, it seems, had ample time to verify the statements of the witness Mrs. Hunt and the genuineness of the letters purporting to have been written by Mary Sullivan and Honora Walters. The objector refused to consent to an adjournment of the reference for the purpose of enabling the attorneys of the administratrix to obtain powers of attorney from these persons; such a paper would have put an end to any doubt as to their existence. The objector did not contradict, by any proof, the evidence of the administratrix as to the status of these persons, which she no doubt could have done if any such proof really existed. The referee was, therefore, justified in finding as he did as to their status. It follows that the first exception to the referee’s report, except as to his seventh finding of fact, must be overruled.
As to the seventh finding of fact, the referee erred: and the exception to that finding is sustained. This court (Estate of John H. White, 1 Sur., Dec., p. 39), considered the question of the burden of proof and the conclusion reached in that case was, that the naked fact of payment by an executor or administrator of a sum of money for attorney’s fees is not sufficient to cast the burden of impeaching its just *726 ness upon the objector. In the case at bar, the vouchers produced by the administratrix showing her payment to Culver & Wright, her attorneys, of $150, for legal services, is not sufficient, and there is no evidence which aids the voucher. On the contrary, there is positive evidence on the part of the objector, that the services rendered by those gentlemen were worth but twenty-five dollars. The administratrix is allowed twenty-five dollars on this account.
The second exception to the referee’s findings, Nos., 2, 3, 5 and 7 of law, as in said exceptions specified, is overruled, but is sustained as to the first finding.
The fourth exception is sustained.
The fifth exception is overruled.
The sixth exception is overruled.
The administratrix has been grossly delinquent in her administration of this estate. There has been no pretense on her part or behalf of compliance with the' plainest requirements of the statute. Immediately on her appointment she appropriated to herself and paid over bodily to her attorneys this entire estate, except some articles of household furniture, presumably of little value; and from that point, she has done nothing at all. The remarkable fact that her attorneys have still in their hands this entire estate and fund is admitted by them through Mr. Culver, who appears to have had personal charge of this business. It is clear on the evidence that this administratrix is an ignorant woman and has been absolutely dependent upon her attorneys for advice and direction in regard to the most simple details of her duties as administratrix. Her ignorance of her obligations, so plainly manifest, should have induced them to urge her forward in the plain path of her duty, considering the fact that they had in their personal possession the entire estate substantially. In cases such as this, it is the duty of the court to vigorously condemn such palpable negligence and to visit upon the delinquent such reproof and penalty as the wholesome administration of justice and the rights of those to whom the estate belongs demands. In this case, the administratrix ought not to be allowed any commissions, and the entire cost of this proceeding should be charged against her personally. I am unable to discover a single mitigating fact, and hence I direct that a decree be submitted sustaining and overruling the exceptions to the report of the referee, as indicated in this' memorandum, and also providing that, for her misconduct, the administratrix be deprived of all commissions, and that she be personally charged with all the costs of this proceeding. '
*727 Referee’s fees, second, reference at same rate_____ $36 00
Stenographer’s fees.............................. 89 00
Affidavits and acknowledgments................. 1 04
$292 04
The claim of residuary legatees must also be disallowed.
The astonishing statement by the attorney for these legatees that sixty-seven days were occupied in the trial or hearing, less two and less adjournments, is nowhere supported by any proof, except the loose and general affidavit printed at the foot of the bill of costs. I have been compelled to go over the record of proceedings before the referee, and find that on both references there were but eighteen days actually occupied in hearings. These legatees are, therefore, entitled to eighteen days in the trial, less two. and less adjournments $160.